## National Cash Register Co. v. Hickox & Read Publishing Co.

1. VERDICTS—*Upon Questions of Fact.*—When a question of fact is presented to a jury for its determination and its verdict is approved by the trial judge, it will not be set aside, except for error on the part of the trial judge.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

Statement.—The suit out of which this suit has arisen was brought upon a written contract entered into by the

332 · APPELLATE COURTS OF ILLINOIS.

VOL. 102.] Nat. Cash Register Co. v. Hickox & Read Publishing Co.

parties March 21, 1892, which contract was in part as follows:

"March 21, 1892. In consideration of the above, we give you the privilege of establishing, or securing for us, agents in Peru and Chili, for the term of six or eight months from date of this agreement, providing you will secure for us one or two agents who will purchase, separately or jointly, cash registers, at a discount of forty per cent, f. o. b. New York. We agree to pay you, as a bonus, $300 as soon as we have received our pay for the ten registers—you not to receive this bonus of $300 in case less than ten registers are sold.

All agents appointed are to be subject to our approval. It is agreed that the bonus of $300 above referred to is not to be paid, unless the ten registers sold aggregate $1,800 at list prices.

It is understood and agreed that the National Cash Registering Company shall not be bound by the provisions of this contract after the expiration of eight months from this date.

This contract covers all agreements to date between us.

Yours truly.

THE NATIONAL CASH REGISTERING CO.,
E. E. NISWONGER, Asst. Sec'y.

Accepted: HICKOX & READ PUB. CO.,
Pr. J. PARKER READ."

This suit was brought by the plaintiff for the $300 bonus, the plaintiff claiming that it had secured for the defendant an agent who had purchased ten cash registers at forty per cent discount within the time mentioned in the contract. It was admitted that the defendant had sold through the plaintiff ten cash registers, but the defendant claimed that the plaintiff had never in fact secured an agent for the defendant, but had merely sold registers through its (the plaintiff's) own agent, which registers the plaintiff had secured at a discount of forty per cent, and that the main object sought by the defendant, viz., the establishing of agencies in Peru and Chili, had never been accomplished.

ALBERT H. MEADS, attorney for appellant.

JAMES FRAKE, attorney for appellee.

Central Lumber Co. v. Kelter.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellee did procure one Rourke to purchase and pay for ten cash registers. Rourke did not, so far as appears, purchase these registers for his own use, but to sell. Appellant was from time to time informed of what in this regard appellee had done and made no objection thereto; the first order from Rourke was for four registers. As appellee did not from time to time ask for any commission for selling these registers, but when the ten had been sold applied for the agreed bonus, appellant had ample notice that he was procuring an agent who would purchase registers and that appellee would, when ten were so sold to and paid for by such agent or agents, demand the stipulated bonus.

Rourke had not been, until secured by appellee, an agent to sell registers; appellee procured him to be such. Time is not only not of the essence of the contract but appellant did not notify appellee that it would not recognize purchase by Rourke after November 21, 1892, or at any time decline to fill orders sent by him. Nor in any view, is the time when appellant was notified that Mr. Rourke had been procured to act as agent for cash registers decisive.

We do not regard the remarks of counsel, complained of, such as required restraint by the court, or that the judgment should be reversed by this court.

The contract entered into is so expressed that the action of the parties thereunder is largely determinative of its true significance. The questions of fact presented to the jury, they have found for appellee; and we see no sufficient reason for setting aside their verdict, approved as it has been by the trial judge.